UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

IDA PATTON                                                                                              PLAINITFF

V.                                           NO. 4:13-CV372 JM

ISLE OF CAPRI CASINOS, INC.                                                          DEFENDANT

ORDER

Pending before the Court is Defendant's motion to dismiss with prejudice or, alternatively, for sanctions [Docket No. 9]. The Court has considered the motion, the response, and the reply, as well as arguments of counsel presented at the telephone conference held on April 30, 2014.  For the reasons discussed below, Defendant's motion is granted in part and denied in part.

On June 24, 2013, Plaintiff filed her complaint for personal injury from a fall while on Defendant's property.  Under the parties' 26(f) Report filed on September 25, 2013, mandatory disclosures were to be made on November 1, 2013.  Defendant timely served its Disclosure Statement, but Plaintiff failed to do so even after a good faith letter from defense counsel.  She provided no explanation as to why.

The Court's scheduling order [Docket No. 6] directed that all discovery was to be completed no later than April 18, 2014.  Defendant served interrogatories and request for production of documents to Plaintiff on January 17, 2014.  When Plaintiff failed to respond by the due date, Defense counsel wrote a good faith letter to Plaintiff's counsel on February 25, 2014, requesting an immediate response to the discovery.  On March 17th, Plaintiff mailed her discovery responses via certified mail to defense counsel.  These discovery responses were returned to Plaintiff's counsel on April 8, 2014, with the envelope marked "Attempted Not Known."  (Defendant's reply states that "The U.S. Post Office does not deliver certified mail to

counsel for defendant." [Docket No. 16]). Between the time that Plaintiff submitted her late discovery responses by certified mail and then received them back, undelivered, Defendant filed the present motion to dismiss making clear that that it had not received the discovery responses. However, Plaintiff made no further effort after she received the motion on April 1st or received the discovery responses back undelivered on April 8th to serve her discovery responses on Defendant.

Lastly, the parties had agreed in January to a deposition date for Plaintiff of March 6, 2014. The deposition was to take place at the office of Plaintiff's counsel in Forrest City. The deposition was confirmed by several letters from defense counsel and a notice of deposition. However, Plaintiff and Plaintiff's counsel failed to show up for her deposition. The Court acknowledges that, while both defense counsel and the court reporter were able to navigate the roadways to the office of Plaintiff's counsel without difficulty, there was severe winter weather in the area in the days preceding the March 6 deposition date that could have justified the rescheduling of the deposition if Plaintiff or her counsel had been unable to attend. That does not excuse Plaintiff's failure to appear at her deposition without making any attempt whatsoever to contact Defendant to reschedule the deposition.

This case is set for a jury trial the week of July 28, 2014. The discovery deadline has come and gone leaving Defendant—despite its diligent efforts-- without the benefit of Plaintiff's mandatory disclosures, Plaintiff's responses to its written discovery, or Plaintiff's deposition testimony.

Rule 37, Federal Rules of Civil Procedure gives the Court the authority to impose various sanctions for a party's failure to make disclosures or to cooperate in discovery. Specifically, for a failure to make the required disclosures under Rule 26(a) or for a party's failure to attend its

own deposition or to serve answers to interrogatories, Rule 37(c) and (d) provide that a Court may impose sanctions that may include an order pursuant to Rule 37(b)(2)(A):

>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (iii) striking pleadings in whole or in part;
>
>   (iv) staying further proceedings until the order is obeyed;
>
>   (v) dismissing the action or proceeding in whole or in part;
>
>   (vi) rendering a default judgment against the disobedient party; or
>
>   (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

In light of Plaintiff's persistent refusal to meet her discovery obligations and the resultant prejudice to Defendant in light of the April 18, 2014 discovery cutoff and July 28, 2014 trial, the Court is granting Defendant's motion [Docket No. 9] in part and denying it in part. The COMPLAINT of the plaintiff is DISMISSED without prejudice; no costs are assessed at this time. In the event Plaintiff elects to refile her case, the action will be stayed until she pays Defendant the cost of the missed deposition and the attorney's fees associated with it, the attorney's fees incurred in filing the motion for sanctions, and any costs or attorney's fees that would be duplicated as a result of the refiling.

IT IS SO ORDERED this 1st day of May, 2014.

_____
James M. Moody Jr.
United States District Judge